UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| GREATER BOSTON PLUMBING CONTRACTORS ASSOCIATION,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM ALPINE, in his official capacity as Director of the MASSACHUSETTS DEPARTMENT OF FAMILY AND MEDICAL LEAVE,<br><br>    Defendant. | CIVIL ACTION NO.:<br>1:20-cv-12283-GAO |

## JOINT STATUS REPORT AND SCHEDULING PROPOSAL

Pursuant to the Court's December 10, 2021 Order, Plaintiff Greater Boston Plumbing Contractor Association's ("GBPCA") and Defendant Director of the Department of Family and Medical Leave ("Director") hereby submit this Joint Status Report regarding discovery and a scheduling proposal. The parties have now reviewed each other's discovery responses and document productions and have conferred regarding remaining discovery in the case.

The Parties have agreed on a structure for the schedule for the completion of discovery, including expert discovery, consisting of the following events:

1.  Factual Discovery Completed and any Discovery Motions filed;

2.  Parties to Meet and Confer regarding need for expert discovery and schedule for expert disclosures, if any, and dispositive motion briefing;

3.  Joint Status Report and Scheduling Proposal Filed;

The parties disagree on the scope of fact discovery needed and the amount of time needed to complete it.

**<u>Plaintiff's Position</u>**

GBPCA contemplates some follow-up discovery, including a few discovery requests concerning defendant's standing challenge, defendant's deposition, and a possible motion to compel defendant's production of documents concerning the legislative history surrounding Section 2(f) of the Paid Family and Medical Leave Law( "PFML"), G. L. c. 175M, § 2(f).  This discovery is specifically targeted to the Director's allegations that the state legislature amended Section 2(f) of the PFML "exactly" as GBPCA requested and that the absence of amendments to the Plumber's Union Local 12 Health and Welfare Plan ("Plan") documents was by "choice." To date, the evidence that is most probative of these issues includes approximately 672 pages of documents produced by GBPCA, as well as GBPCA's answers to interrogatories.  These materials for the most part tell a different story – i.e. GBPCA did not get "exactly" what it wanted in terms of a legislative amendment, but rather the legislative amendment was the product of a two-year compromise among multiple competing contingents, groups, and coalitions that evolved over time.  The materials also reveal that GBPCA was ready and willing to vote in favor of Plan amendments that would provide health insurance benefits during a paid leave consistent with the PFML ("PFML Benefit") and that would be funded by monies from wage package increases its Signatory Contractors had agreed to make pursuant to the collective bargaining process.  The lack of a Plan amendment was due largely to a lack of funding from the wage package increases, a decision that was not within PCA's control.  As a result, the Plan's Benefit Fund would have had to reduce benefits or run a deficit in the Plan budget in order to

provide the PFML benefit.  The Benefit Fund therefore determined that a Plan amendment would not be in the best interest of the Plan.

In addition, the legislative history may be relevant for purposes of interpreting the scope and application of Section 2(f).  To date, GBPCA understands that the legislative materials, including legislative history, are still with the State House Clerk and have not yet been provided to the State Archives for digitization or publication.  The Director has withheld from production materials relating to the legislative history under a legislative and deliberative process privilege.  Accordingly, GBPCA anticipates a possible motion to compel legislative materials and history.

Moreover, GBPCA disputes the Director's contention that this case is unripe.  The Director  suggests that only under certain circumstances can there be a violation of the PFML, including when an employee of one of the GBPCA's signatory contractors takes leave that is not concurrently covered by the federal Family and Medical Leave Act.  However, those circumstances are ripe here.  The FMLA applies to employers with 50 or more employees, while the PFML applies to all employers.  A majority of GBPCA's signatory contractors have fewer than 50 employees, and several such contractors have already had employees take PFML leave.  Second, there are many situations where an employee's PFML leave is not simultaneously covered by the FMLA.  Under the FMLA, an employee must be employed for 12 months or have worked 1250 hours to qualify (29 C.F.R. 825.110), while under the PFML, employees must only have earnings of at least $5,700 in the last 12 months to qualify (See G. L. c. 175M, § 1).  In addition, the PFML definition of "family member" is broader than under the FMLA and includes grandparents and siblings (G. L. c. 175M, § 1), while the FMLA definition does not.  Finally, as GBPCA stated in its answers to interrogatories, employees of its signatory contractors have used and reduced their hours bank to maintain health benefits during PFML leave, contrary to the

PFML, which expressly requires benefits to be maintained as if the employee had continued working.

While GBPCA recognizes that some targeted follow-up discovery may be appropriate with respect to the Director's standing challenge, the Director's proposal, which contemplates 9 months of fact discovery and six to ten depositions, is not proportional to the needs of this case or the standing issues raised by the Director.  GBPCA proposes the following schedule:

1. Factual Discovery Completed and any  March 4, 2022
   Discovery Motions Filed

2. Parties to Meet and Confer regarding  April 1, 2022
   need for expert discovery and
   schedule for expert disclosures, if any,
   and summary judgment briefing

3. Joint Status Report and Scheduling  April 8, 2022
   Proposal Filed

**Defendant's Position**

The Director anticipates the need for 6-10 depositions, including depositions of third parties.  In addition, based on review of GBPCA's document production, the Director anticipates the need to seek additional document discovery from third parties, as well from GBPCA to the extent such additional documents are in its possession, custody or control.

Among other issues, the Director has asserted two defenses that require the development of a factual record for their resolution and that the Director has already conducted significant documentary discovery regarding.  For this reason, which is explained below, the Director disagrees with the schedule proposed by GBPCA, because it does not allow the Director sufficient time to develop (via depositions and some additional document discovery) the factual

record necessary to resolve these defenses, including facts that may be in the exclusive possession of third parties.

One of these defenses concerns whether GBPCA has standing to assert this challenge, on the ground that its claim of injury may have been self-inflicted. Specifically, GBPCA, a trade association, was among seven industry groups operating multi-employer benefit plans who signed a letter to the Legislature dated August 11, 2020 [Dckt. # 11-2], and a subsequent letter to the Governor sent January 12, 2021 [Dckt. # 11-1 (erroneously dated "2020")] (collectively, the "Letters"), stating that they would amend certain governing benefits-related documents (health plan Summary Plan Descriptions, collective bargaining agreements, and plan-related trust documents) to avoid any conflict between federal law and Section 2(f) of the Paid Family and Medical Leave Act ("PFMLA"), G.L. c. 175M, if a legislative amendment to Section 2(f) of the PFMLA were enacted that would ensure that those documentary amendments would satisfy Section 2(f) as a matter of state law. On January 14, 2021, Section 2(f) of the PFML was amended exactly as requested by GBPCA and the other signatories to the Letters. Nevertheless, GBPCA has failed to cause its plan-related documents to be amended as it said it would if Section 2(f) were amended in the manner it had sought, instead persisting in its challenge to Section 2(f)'s validity, filing First and Second Amended Complaints on February 1 and March 2, 2021, *see* Dckt. ## 4 & 8. If GBPCA had made the referenced changes to the governing plan-related documents that it had said it would if authorized by state law to do so (and thereby could have avoided the conflict between state and federal law alleged in the Second Amended Complaint), but then chose not to do so, the alleged conflict between state and federal law is an injury that is self-inflicted. GBPCA disputes the factual basis for the Director's standing defense in its interrogatory responses, offering an explanation of why the plan-related documents were

not amended as promised that appears to blame the plan trustees and the union for the failure. GBPCA's interrogatory responses thus reference, but do not adequately describe, negotiations with the union seeking to effectuate the plan amendments over a one-and-a-half-year period that ended in a disagreement with the union over how the benefits would be funded. Discovery on the issue of why the plan-related documents were not amended in the manner that GBPCA has specifically requested legislative authorization to do is necessary to resolve the issue of whether the GBPCA's injury was self-inflicted.

Another issue requiring factual development is the Director's defense that GBPCA's claims are unripe. The Director contends that GBPCA's employer-members cannot be found in violation of the health-insurance maintenance requirement of Section 2(f) of the PFMLA until the concurrent occurrence of four circumstances. One such circumstance is that an employee must take leave that is not concurrently covered by the federal Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, which independently and concurrently requires a covered employer to maintain the health insurance of an employee out on covered leave. 29 CFR 825.209(a). Factual development is necessary to determine whether any employer-member has actually had all of these events occur, such that any claim of a potential violation of Section 2(f) by an employer-member is not too remote and speculative to confer standing.

Accordingly, the Director anticipates the following discovery:

- Depositions of officials of the GBPCA regarding the amendment to Section 2(f), the issue of self-inflicted harm, the failure to amend the plan, and the occurrence of any violation of Section 2(f). Likely deponents: Jeremy Ryan and Andrew DeAngelo.

- Third party discovery of persons involved in the effort to amend Section 2(f). Likely deponents: Michael Morris (lobbyist for GBPCA), Miranda Jones (attorney negotiating on behalf of the contractors) and/or a representative of the Building Trades.

- Third party discovery of Trustees of the Local 12 Plan regarding the negotiations to amend the plan in response to the amendment to section 2(f).  Likely deponents:  Roger Gill (Fund Administrator).

- Potential third-party discovery of certain individual plumbing contractors who are employer-members of GBPCA regarding the failure to amend the plan-related documents, and the occurrence or non-occurrence of any violation of Section 2(f). Possible deponents:  Joe Valante and Kevin Walsh.

- Potential third-party discovery of other signatories to the Letters (to the Legislature and Governor) who *did* reach agreement following the passage of the amended Section 2(f). to amend their plans and CBAs in the manner promised in the Letters.

Therefore, the Defendant proposes the following schedule.

## SCHEDULING PROPOSAL

1. Factual Discovery Completed and any Discovery Motions Filed — September 30, 2022

2. Parties to Meet and Confer regarding need for expert discovery and schedule for expert disclosures, if any, and summary judgment briefing — October 15, 2022

3. Joint Status Report and Scheduling Proposal Filed — October 22, 2022

| GREATER BOSTON PLUMBING CONTRACTORS ASSOCIATION,<br><br>By its attorneys,<br><br><br>/s/ Johanna L. Matloff<br>_____<br>Johanna L. Matloff (BBO #655178)<br>Conn Kavanaugh Rosenthal<br>   Peisch & Ford, LLP<br>One Federal Street, 15th Floor<br>Boston, MA 02110<br>617-482-8200<br>jmatloff@connkavanaugh.com | WILLIAM ALPINE, in his official capacity as DIRECTOR OF THE MASSACHUSETTS DEPARTMENT OF FAMILY AND MEDICAL LEAVE,<br>By his attorneys,<br><br><br>*s/ Julie E. Green*<br>_____<br>Julie E. Green (BBO #645725)<br>Douglas S. Martland (BBO # 662248)<br>   *Assistant Attorneys General*<br>Pierce O. Cray (BBO # 104630)<br>   *Senior Appellate Counsel*<br>Office of Massachusetts Attorney General<br>One Ashburton Place<br>Boston, MA 02108-1518<br>(617) 727-2200<br>julie.green@mass.gov<br>douglas.martland@mass.gov<br>pierce.cray@mass.gov |
|---|---|

## **CERTIFICATE OF SERVICE**

I, Julie E. Green, hereby certify that a true and correct copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 22, 2021.

                                                                                       */s/ Julie E. Green*