UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREATER BOSTON PLUMBING CONTRACTORS ASSOCIATION,<br><br>   Plaintiff,<br><br>v.<br><br>WILLIAM ALPINE, in His Official Capacity As Director of the Massachusetts Department of Family and Medical Leave,<br><br>   Defendant. | Civil Act. No. 1:20-cv-12283 |

**DEFENDANT'S MOTION TO DISMISS
FOR LACK OF ARTICLE III
<u>SUBJECT-MATTER JURISDITION</u>**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), the defendant Director of the Massachusetts Department of Family and Medical Leave ("Director") moves to dismiss the Second Amended Complaint of the plaintiff association Greater Boston Plumbing Contractors Association ("PCA") for lack of subject-matter jurisdiction.  As grounds for this Motion, the Director asserts that, for two separate reasons, PCA cannot meet its burden of proof in establishing a "case or controversy" under Article III of the United States Constitution:

  1. PCA has yet to establish either that its member contractors have been actually affected by the state statute that it challenges or that such an actual effect on its members is imminent.  As a result, PCA lacks standing because it cannot satisfy the "imminence" element of the Article III standing doctrine's "injury in fact" requirement.  For the same reason, PCA also has not presented a case that meets Article III's separate ripeness requirement.

2. PCA chose not to take an available step that would have resolved the issues that it claims the challenged state statute poses for it. This voluntary choice constitutes self-inflicted harm, which provides a separate reason why PCA lacks Article III standing, for failure to meet both the standing doctrine's "injury in fact" requirement and its "traceability" requirement.

For further elaboration on these grounds, the Director respectfully refers the Court to the accompanying Defendant's Memorandum in Support of Motion to Dismiss for Lack of Article III Subject Matter Jurisdiction. Because motions to dismiss on subject-matter jurisdiction grounds can be supported by extrinsic evidence, *see*, *e.g.*, *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001), the Director also relies on the Declarations of William Alpine, Douglas Martland, Michael Doheny, Roger Gill, and Michael Morris in support of his Motion.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), the Director respectfully requests the opportunity to present oral argument in support of his Motion, as oral argument may assist the Court in its resolution.

By his attorneys,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Pierce O. Cray
Douglas S. Martland, BBO # 662248
Julie E. Green, BBO # 645725
    *Assistant Attorneys General*
Pierce O. Cray, BBO # 104630
    *Senior Appellate Counsel*
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
617-936-2085/2062/2084
julie.green@mass.gov
douglas.martland@mass.gov

Dated: June 29, 2022      pierce.cray@mass.gov

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I certify that on June 24, 2022, I conferred with counsel for the plaintiff, Johanna L. Matloff, Esq., and attempted in good faith to resolve or narrow the issues in dispute.

/s/ Douglas S. Martland
Douglass S. Martland, BBO No. 662248
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Douglas S. Martland, hereby certify that the foregoing document, which was filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 29, 2022.

/s/ Douglas S. Martland
Douglas S. Martland, BBO # 662248