UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREATER BOSTON PLUMBING CONTRACTORS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM ALPINE, in His Official Capacity as Director of the Massachusetts Department of Family and Medical Leave,<br><br>Defendant. | Civil Act. No. 1:20-cv-12283 |

### DECLARATION OF WILLIAM ALPINE

I, William Alpine, do hereby depose and state as follows:

1. I am the Director of the Commonwealth of Massachusetts' Department of Family and Medical Leave. As Director, I am responsible for implementing and overseeing the day-to-day administration, finance, and operations of the Department, which itself oversees the Commonwealth's Paid Family and Medical Leave ("PFML") program. *See* M.G.L. c. 175M, 8(a); *see also id*. §§ 1-11. I make this Declaration based on my own personal knowledge.

2. Paid Family and Medical Leave is a benefit program for Massachusetts employees offered by the Commonwealth. The program is funded by employer and employee contributions.

3. Through PFML, Massachusetts employees are eligible to take up to 26 weeks of combined family and medical paid, job-protected time off from work per benefit year for certain qualifying reasons. Qualifying reasons are:

1

- Caring for one's own serious health condition as certified by a health care provider, including illness, injury, or complications associated with pregnancy/childbirth (up to 20 weeks of paid medical leave);

- Caring for a family member with a serious health condition as certified by a health care provider, including illness, injury, or complications associated with pregnancy/childbirth (up to 12 weeks of paid family leave);

- Bonding with one's child during the first 12 months after birth, adoption, or placement (up to 12 weeks of paid family leave);

- Caring for a family member who was injured serving in the armed forces (up to 26 weeks of paid family leave); and

- Managing affairs while a family member is on active duty in the armed services (up to 12 weeks of paid family leave).

4. When employees apply for leave under the PFML, the PFML program asks for four categories of information: (1) the reason they are taking the leave, with supporting documentation; (2) the employer's Federal Employer Identification Number and the date that they notified their employer that they will need to take the leave; (3) the date that they are planning to take the leave (or when the leave started); and (4) certain personal identifying information, including information to enable payment.

5. Within five days of the submission of an application for PFML leave, the Department will notify the employer, which then has 10 business days to review the application and provide additional information to help the Department decide whether to approve the application. If an application for PFML leave is approved, there is a waiting period of seven calendar days before payments begin.

6. M.G.L. c. 175M directs that the Department begin paying PFML benefits as of January 1, 2021. Since that date, there have been approximately 141,000 applications approved for PFML leave. Medical leave accounted for 55% of the approved applications (78,000

applications) and family leave accounted for 45% of the approved applications (62,000 applications).

7.      If one assumes a five-day work week, the average duration of leave since January 1, 2021, from start to finish, was 12 weeks for medical leave and 11.9 weeks for family leave.

8.      Under M.G.L. c. 175M, § 8(g), the Department has the authority to promulgate rules and regulations relating to M.G.L. c. 175M. The Department initially enacted regulations in December 2020, *see* 458 C.M.R. 2.00 et seq., and is currently in the process of updating them. This wholesale update reflects the post-December 2020 amendments to G.L. c. 175M itself as well as the Department's long-standing understanding of the purpose of the amendments, and further implements and explains the operations of the PFML program.

9.      As part of its update to its regulations, the Department has so far provided public notice of a proposed revision of 458 C.M.R. 2.16. Among other things, the revision will codify the Department's long-standing interpretation of the phrase "or otherwise maintain" (added in the January 2021 amendment to G.L. c. 175M, § 2(f)), as permitting the use of banked hours to continue health insurance during a PFML leave. True and accurate copies of the proposed amendments to that section of the Department's regulations and the Notice of Proposed Regulations Pursuant to Massachusetts Executive Order No. 145 are attached as Exhibits A and B. Those proposed amendments will now go through the Commonwealth's process for adopting proposed regulations, including but not limited to the provisions of G.L. c. 30A, §§ 2, 3A, and 5. I expect that the remainder of the proposed amendments to 458 C.M.R. 2.00 et seq. will be publicly announced in short order.

Signed under the penalties of perjury, this 28th day of June 2022

_____
William Alpine