458 CMR: DEPARTMENT OF FAMILY AND MEDICAL LEAVE

**Proposed Amendment to 458 CMR 2.16**

2.16: <u>Employee Job Protection, Prohibition on Retaliation<u>, Maintenance of Health Insurance</u></u>

(1) <u>Job Protection</u>.  An employee who has taken family or medical leave under M.G.L. c. 175M shall on returning to employment at the close of a period of approved family or medical leave be restored to the employee's previous position or to an equivalent position with the same status, pay, employment benefits, length-of-service credit and seniority as of the date of leave. An employer shall not be required to restore an employee who has taken family or medical leave under M.G.L. c. 175M to the previous or to an equivalent position if other employees of equal length of service credit and status in the same or equivalent positions have been laid off due to economic conditions or other changes in operating conditions affecting employment during the period of leave; provided, however, that the employee who has taken leave shall retain any preferential consideration for another position to which the employee was entitled as of the date of leave.  Nor shall an employer be required to restore an employee who was hired for a specific term or only to perform work on a discrete project, if the employment term or project is over and the employer would not otherwise have continued to employ the employee.

Upon reinstatement, taking family or medical leave under M.G.L. c. 175M shall not affect an employee's previously held right to accrue vacation time, sick leave, bonuses, advancement, seniority, length-of-service credit or other employment benefits, plans or programs.  Leave periods under M.G.L. c. 175M need not be treated as credited service for purposes of benefit accrual, vesting and eligibility to participate.

<u>(2) Maintenance of Health Insurance.</u>  During the duration of an employee's family or medical leave, the employer shall continue to provide for<u>,</u> ~~and~~ contribute to<u>, or otherwise maintain</u> the employee's employment-related health insurance benefits, if any, at the level and under the conditions that coverage would have been provided if the employee had continued working continuously for the duration of such leave.  <u>The provision "otherwise maintain" shall be interpreted broadly to encompass any method of benefit maintenance or approximation of benefits that permits an employee taking family or medical leave to maintain access to health coverage for the duration of the leave on the same or equivalent terms, including the employee's costs for such coverage, such as premium contributions, co-pays, and deductibles. Employers may "otherwise maintain" coverage in a variety of ways to comply with this provision, including but not limited to the following examples:</u>

<u>(a) The employer continues to pay its portion of the group-insurance-plan health-insurance premium for that employee for the duration of the family or medical leave from the employer, and</u> ~~The~~ <u>the</u> employee portion of the employee's employment-related health insurance benefits <u>is</u>~~shall be~~ remitted by the employee in accordance with the employer's uniformly-applied policies or practices.

(b) The employer both (i) provides coverage under the federal COBRA law (29 U.S.C. sec. 1161 et seq.) or the Massachusetts Mini-COBRA law (M.G.L. c. 176J, Sec. 9) until the employee can resume regular employer-sponsored coverage, and (ii) reimburses the employee for both the monetary equivalent of the portion of the health insurance premium that was previously paid by the employee and any additional amount required to be paid under the COBRA or mini-COBRA laws that is in excess of the portion of the health insurance premium that was previously paid by the employee, so that the amount the employee pays toward health insurance remains unchanged. This example would be applicable only if an employee is eligible for such coverage.

(c)  An employer who participates in a plan, such as a multi-employer health plan to which more than one employer is required to contribute and which is maintained pursuant to one or more collective bargaining agreements between employee organization(s) and the employers, that establishes eligibility for coverage for a period of time based on hours worked or contributions made during an earlier qualifying period, allows employees who have established eligibility for coverage prior to beginning a family or medical leave to continue coverage while they are taking leave and while they remain eligible for coverage based on the earlier qualifying period, or allows them to use banked hours.

(d)  An employer participates in a multi-employer plan that contains a provision for maintaining coverage such as through pooled contributions by all employers party to the plan.

Employers shall not be required to provide for, contribute to, or otherwise maintain employment-related health insurance benefits to an employee who does not receive or is not eligible to receive such employment-related health insurance benefits when the employee's family or medical leave begins.  Nor are employers required to provide for, contribute to, or otherwise maintain health insurance benefits to covered individuals who resign during a leave or are former employees when the covered individual's family or medical leave commences.

(2̶3) Retaliation.  It shall be unlawful for any employer to threaten to retaliate or to retaliate by discharging, firing, suspending, expelling, disciplining, through the application of attendance policies or otherwise, threatening or in any other manner discriminating against an employee for exercising any right to which such employee is entitled under M.G.L. c. 175M or with the purpose of interfering with the exercise of any right to which such employee is entitled under M.G.L. c. 175M.

It shall be unlawful for any employer to threaten to retaliate or to retaliate by discharging, firing, suspending, expelling, disciplining, through the application of attendance

policies or otherwise, threatening or in any other manner discriminating against an employee who has filed a complaint or instituted or caused to be instituted a proceeding under or related to this anti-retaliation provision, has testified or is about to testify in an inquiry or proceeding or has given or is about to give information connected to any inquiry or proceeding relating to this provision.  Nothing in M.G.L. c. 175M or 458 CMR 2.00, however, shall limit an employer's ability to reasonably communicate with an employee who is approved for leave benefits.

Additionally, an employer may require an employee who has been approved for leave benefits to comply with reasonable attendance and call in procedures established by the employer.  An employee who is approved for intermittent leave benefits must work with the employer to make an effort to take leave so as not to unduly disrupt the employer's operation.  Furthermore, an employee who takes leave on an intermittent or reduced leave schedule and who fails to work during the times agreed to between the employer and the employee may be subject to employer discipline.  An employee who fails to return to work or to the employee's regular work schedule following the expiration of the leave period may be subject to employer discipline.

(34) Presumption.  Any negative change in the seniority, status, employment benefits, pay or other terms or conditions of employment of:

(a) an employee which occurs any time during a leave taken by an employee under M.G.L. c. 175M, or during the six-month period following an employee's leave or restoration to a position pursuant to 458 CMR 2.16(3); or

(b) an employee who has participated in proceedings or inquiries pursuant to 458 CMR 2.16 within six months of the termination of proceedings shall be presumed to be retaliation under 458 CMR 2.16(3).

A negative change shall not include trivial, or subjectively perceived inconveniences that affect *de minimis* aspects of an employee's work. Such presumption shall be rebutted only by clear and convincing evidence that such employer's action was not retaliation against the employee and that the employer had sufficient independent justification for taking such action and would have in fact taken such action in the same manner and at the same time the action was taken, regardless of the employee's use of leave, restoration to a position or participation in proceedings or inquiries as described in 458 CMR 2.16.  An employer found to have threatened, coerced or taken reprisal against any employee pursuant to 458 CMR 2.16 shall rescind any adverse alteration in the terms of employment for such employee and shall offer reinstatement to any terminated employee and shall also be liable in an action brought pursuant to 458 CMR 2.16(45).

A notification to the Department by an employer, under a *bona fide* belief that the employee has committed fraud in connection with the employee's application for

458 CMR: DEPARTMENT OF FAMILY AND MEDICAL LEAVE

benefits, shall not give rise to an action of retaliation or presumed retaliation under 458 CMR 2.16.

For the avoidance of doubt, leave taken by an employee under 458 CMR 2.16(3), shall begin on the first day that an employee takes leave.

The provisions of 458 CMR 2.16 shall apply to all leave associated with a qualifying reason allowable under 458 CMR 2.00, regardless of whether the employee has actually filed an application for benefits with the Department.

An employer's application of a preexisting employment rule or policy shall be deemed to be clear and convincing evidence.

(45) Civil Actions. An employee or former employee aggrieved by a violation of 458 CMR 2.16 or M.G.L. c. 175M, § 2(e) and (f) may, not more than three years after the violation occurs, institute a civil action in the superior court.