

THE COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE OFFICE OF LABOR AND WORKFORCE DEVELOPMENT
DEPARTMENT OF FAMILY AND MEDICAL LEAVE

CHARLES D. BAKER
GOVERNOR
KARYN E. POLITO
LIEUTENANT GOVERNOR

ROSALIN ACOSTA
SECRETARY

WILLIAM J. ALPINE
DIRECTOR

June 27, 2022

**By email only:** linda.balzotti@mass.gov
Linda Balzotti
Department of Housing and Community Development
100 Cambridge Street, Suite 300
Boston, MA 02114

**By email only:** dkoffman@mma.org
Dave Koffman
Massachusetts Municipal Association
3 Center Plaza, Suite 610
Boston, MA 02108

RE: NOTICE OF PROPOSED REGULATIONS PURUSANT TO MA EXECUTIVE ORDER #145

Dear representatives of the Local Government Advisory Committee (L.G.A.C.) and Department of
Community Affairs (D.C.A.)(as applicable),

Pursuant to Massachusetts Executive Order #145, this email represents notice at least 14 days prior to
giving notice of a public hearing or comment period under M.G.L. c. 30A related to a proposed
Department of Family and Medical Leave (DFML) regulation amendment.

**Brief statement describing the proposed action:**  The DFML seeks to update its regulations to clarify the
Massachusetts Paid Family and Medical Leave (PFML) law (M.G.L. 175, c. 1 et seq.) and reflect the
legislative amendment of M.G.L. c. 175M, sec. 2, which added language not in the original law.  The
amendment to 458 CMR 2.16 updates the regulation to reflect DFML's longstanding interpretations
regarding the PFML law, generally, and the amendment to M.G.L. c. 175M, sec. 2, specifically. The
amendment to 458 CMR 2.16 clarifies and details the statutory obligation of an employer to maintain
employment-related health insurance benefits, if any, for employees during an employee's PFML leave
period pursuant to M.G.L. c. 175M, sec. 2 and M.G.L. c. 175M, sec. 9.

An electronic copy of the DFM's proposed regulation updates accompanies this letter.

**The DFML's best judgment of elements which might impact on local government:**  Local governments
are by default excluded from participation in the PFML program.  See, M.G.L. c. 175M, sec. 1 (definition
of Employer).  Hence, the DFML's proposed regulations will have no impact on exempt municipalities,
and is not likely to require such municipalities to:
   a) significantly expand existing services;
   b) employ additional personnel;

c) significantly alter administrative and work procedures;
d) realign organizational structures;
e) increase disbursements which are not reimbursed by the federal or state government; or,
f) limit the discretion exercised by local officials.

Pursuant to M.G.L. c. 175, sec. 10, some municipalities have elected to participate in the PFML program so that their employees can receive the benefit of paid family and medical leave under M.G.L. c. 175. The DFML's proposed regulations will have little to no impact on municipalities participating in the PFML program.  Participating municipalities presumably have established their PFML infrastructure, including having designated a PFML Leave Administrator, begun providing employees with notice of their rights and obligations under the PFML, and implemented a program to collect and deliver contributions to the PFML Trust Fund.  Hence, the proposed updates to the regulations are not likely to require participating municipalities to:

a) significantly expand existing services;
b) employ additional personnel;
c) significantly alter administrative and work procedures;
d) realign organizational structures;
e) increase disbursements which are not reimbursed by the federal or state government; or,
f) limit the discretion exercised by local officials.

Best,

*s/ William J. Alpine*

William J. Alpine
Executive Director, DFML
William.Alpine@mass.gov

Attachment