UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GREATER BOSTON PLUMBING CONTRACTORS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS, and THE MASSACHUSETTS DEPARTMENT OF FAMILY AND MEDICAL LEAVE,<br><br>Defendants. | CIVIL ACTION NO. 1:20-cv-12283 |

## DECLARATION OF MICHAEL MORRIS

I, Michael Morris, do hereby depose and state as follows:

1. I am a partner at Tremont Strategies Group, a government relations firm based in Boston, MA and Washington, D.C.

2. From approximately April 2018 to mid-January 2021, I was involved in the effort to advocate for amending the language of Mass. G.L. c. 175M, § 2(f) ("Section 2(f)"). My involvement was on behalf of my clients, which included the plaintiff in the above-referenced action, the Greater Boston Plumbing Contractors Association (the "PCA"). Other groups that I represented included the New England Mechanical Contractors Association, the Building Trades Employers' Association, and the National Electrical Contractors Association, Boston.

3. As part of my involvement in the effort to advocate for amending the language of Section 2(f), I regularly communicated with members and/or representatives of the PCA. Among the PCA officials that I communicated with were Jeremy Ryan, then the Executive Director of

62764053 v1

1

the PCA, and Andrew DeAngelo, then the Director of Public Affairs for the PCA and now the PCA's Executive Director.

4. The legislative amendment to Section 2(f) that my clients had agreed on involved changing a phrase in Section 2(f)'s second sentence (regarding the provision of health insurance while an employee was out on leave under G.L. c. 175M) from "provide for and contribute to" to "provide for, contribute to or otherwise maintain." It is my understanding that the addition of the "or otherwise maintain" language was significant to my clients because they believed that they otherwise would have been put into a position where they would be unable to comply with G.L. c. 175M while also honoring commitments they had made through collective bargaining that are governed under federal law by both the National Labor Relations Act ("NLRA") and the Employee Retirement Income Security Act ("ERISA").

5. The legislative amendment that I advocated for on behalf of my clients itself was part of a two-part compromise among them to address the NLRA and ERISA issues facing multi-employer employee benefit funds (so-called Taft-Hartley Funds) like those that my clients were involved with. As I repeatedly explained to lawmakers and other state officials, my clients were in agreement that the amendment of Section 2(f) that they were proposing, and as described above, would allow them to amend their health plans' Summary Plan Descriptions, their collective bargaining agreements, and their trust documents so as to guarantee that all their union members' health insurance benefits would be maintained while they were on leave under G.L. c. 175M.

6. This two-part compromise was discussed in detail in two letters to state officials that I was involved in disseminating. The first, a true and accurate copy of which is attached as Exhibit A to this Declaration, is dated August 11, 2020, addressed to (among others)

Massachusetts State Senator Michael Rodrigues, and from four of my clients including the GBPCA's then-Executive Director Jeremy Ryan, plus three non-clients, Massachusetts Building Trades Council, Construction Industries of Massachusetts, and Associated General Contractors – Massachusetts. The second letter, a true and accurate copy of which is attached as Exhibit B to this Declaration, is incorrectly dated January 12, 2020. The actual date of this letter was January 12, 2021. This January 12, 2021 letter was addressed to (among others) Governor Charles E. Baker, and was from four of my clients including again the GBPCA's then-Executive Director Jeremy Ryan, plus three non-clients, Massachusetts Building Trades Council, Construction Industries of Massachusetts, and Associated General Contractors – Massachusetts. Both letters specify that my clients were in agreement that with the amendment of Section 2(f), they would amend their health plans' Summary Plan Descriptions, their collective bargaining agreements, and their trust documents to guarantee that all the union members' health insurance benefits would be maintained while they were on leave under G.L. c. 175M.

7.      On behalf of my clients, I also discussed the two-part compromise in many conversations with lawmakers and state officials. Among the lawmakers and state officials whom I spoke with during my advocacy was Michael Doheny, Undersecretary of Labor/General Counsel, EOLWD. I also spoke with Chris Condon from Raise Up Massachusetts, a public-interest advocacy group that had played a key role in the enactment of the original Chapter 175M, to discuss the best way for moving the proposed amendment through the Legislature. For many of these conversations, I invited members of the PCA to participate, and in some of the conversations they in fact participated, along with other members of the groups that I represented. I was also in regular communication with Jeremy Ryan and Andrew DeAngelo about the subject matter of these conversations.

8. As the pace of the efforts to amend Section 2(f) ramped up between July 2020 and January 2021, I continued my regular communications with Jeremy Ryan and Andrew DeAngelo. At no point did they (or any other member of the PCA) tell me that they no longer supported the amendment of Section 2(f) or that the PCA did not in fact have an agreement with Local 12 as represented in the letters described above. Rather, as expressed in the January 2021 letter, which the PCA was a signatory to, I understood that the groups who signed onto this letter, were "thrilled" when the requested language was included in the final legislative bill, were "grateful" for the Legislature's support, and were hopeful that the Governor would sign the amendment into law. The PCA had filed a lawsuit in December 2020, and as such, I am unaware of the PCA's specific reaction.

9. The "or otherwise maintain" amendment to Section 2(f) was in fact enacted as law on January 14, 2021.

Signed under the pains and penalties of perjury, this 7 day of June 2022

Michael Morris

Exh. A

   

  

August 11, 2020

Senator Michael Rodrigues
Chair, Senate Committee on Ways & Means
State House, Room 212
Boston, MA 02133

Representative Aaron Michlewitz
Chair, House Committee on Ways & Means
State House, Room 243
Boston, MA 02133

Senator Eric Lesser
Chair, Joint Committee on Economic Development
and Emerging Technologies
State House, Room 410
Boston, MA 02133

Representative Ann-Margaret Ferrante
Chair, Joint Committee on Economic Development
and Emerging Technologies
State House, Room 42
Boston, MA 02133

Senator Patrick O'Connor
Massachusetts State Senate
State House, Room 419
Boston, MA 02133

Representative Donald Wong
Massachusetts House of Representatives
State House, Room 541
Boston, MA 02133

RE: H.4887/S.2874 Conference Committee – Section 86

Dear Chair Michlewitz, Chair Rodrigues and Members of the Conference Committee,

Our coalition of the six major union construction industry employer groups and the Massachusetts Building Trades Unions appreciate the opportunity to provide comment in support of **Section 86 of S.2874, An Act enabling Partnerships for Growth.** In particular, please see below the language of Section 86 which would greatly benefit our coalition.

> *SECTION 86. Section 2 of said chapter 175M is hereby amended by striking out subsection (f), as appearing in the 2018 Official Edition, and inserting in place thereof*


the following subsection:-

(f) *The taking of family or medical leave shall not affect an employee's right to accrue vacation time, sick leave, bonuses, advancement, seniority, length-of-service credit or other employment benefits, plans or programs. During the duration of an employee's family or medical leave, the employer shall provide for, contribute to **or otherwise maintain** the employee's employment-related health insurance benefits, if any, at the level and under the conditions coverage would have been provided if the employee had continued working continuously for the duration of such leave*

The language in red above is language that we asked to be included as an amendment in both the House and Senate during the Economic Development bill debate. Working together, we reached out to Raise Up Massachusetts to address a major issue facing Taft-Hartley Funds with this current language. While this language consists of only three words, it provides a major solution to a federal preemption challenge and ultimately allows thousands of Massachusetts union members in the construction industry to enjoy all the benefits provided by the Paid Family and Medical Leave law.

Please allow us to take to the opportunity to describe the nature of the federal preemption issue and the fix the words "or otherwise maintain" can provide. Our trade associations consist of employers' signatory with 11 of the 15 unions that make up the Massachusetts Building Trades Council. Together, we represent hundreds of contractors who employ thousands of union members. As employer and union representatives, we take part in the collective bargaining of wages, benefits, and working conditions that have made union construction a highly compensated career offering some of the best benefits available.

All of the collective bargaining agreements negotiated by the parties provide for contributions to health benefit, pension, annuity, and training funds that are jointly sponsored and administered by labor and management. Some collective bargaining agreements cover only Massachusetts, while some might also cover New Hampshire and Rhode Island, or all of New England. In the vast majority of trades, the collective bargaining agreements and the benefit fund trust documents provide that employers may only make contributions to the funds for hours worked. Therefore, these funds receive weekly or monthly remittances from all union employers who pay their contributions calculated by every hour worked by a union employee during that time. In addition, each trade maintains its own benefit funds which can be administered locally, regionally, or nationally. Every benefit fund is governed by a collective bargaining agreement and trust document which are only able to be changed through negotiations or by the trustees of the funds and must be applied equally across all areas. As a result, changing these documents to comply with a state law is often impractical as they could cover multiple state jurisdictions with differing requirements.

Multi-employer benefit funds are significantly more complex than the way benefits are offered by most other private employers. As a result, laws and regulations drafted to cover private industry often fail to take into account the unique nature of union benefit funds. The Paid Family Medical Leave Act (PMFLA) is no different and has a major impact on both the union employers and the benefit funds which are governed by federal law, specifically the Employee Retirement Income Security Act ERISA, 29 U.S.C. 1001 et seq.

We have reviewed the PFML and believe that without the modification that Section 86 provides, our employers and union benefit funds will be put into the position where they will be unable comply with the PFMLA while honoring their commitments made through collective bargaining that are governed under federal law through the National Labor Relations Act (NLRA) and ERISA. That is the federal preemption issue. Specifically, the law as currently written requires employers to "provide for or contribute to" an employee's health insurance benefits while the employee is on PFML leave. Federal law prohibits union employers from making contributions to a multiemployer health plan while the employee is on leave. Come January 1, 2021, without a

6

change to the current law. Massachusetts employers signatory to federally-governed collective bargaining agreements have a choice: either to violate the NLRA and ERISA by providing for or contributing to the employee's health insurance benefits while on leave or to violate the Massachusetts PFML by not providing for or contributing to the employee's health insurance benefits while the employee is on leave.

The solution is this: by adding the words "or otherwise maintain," to section 2(f) of the PFMLA, the law will allow our multiemployer health plans, which are funded by contributions for each hour worked as part of the employee's compensation, to maintain health insurance benefits if an employee goes out on leave.

The unions and the contractor associations are in agreement – they will amend their health plans' Summary Plan Descriptions, their collective bargaining agreements and their trust documents to guarantee that all union members' health insurance benefits are maintained while the member is on leave. This 3-word fix to the state statute will allow union members to enjoy the benefits the PFML provides and will obviate the union employer's "Sophie's Choice" of whether to violate federal or state law on January 1, 2021.

As mentioned above, union employers are known to offer some of the best benefits available. We believe **Section 86 of S.2874, An Act enabling Partnerships for Growth**, allows this practice to continue and maintain the intent of the PFML. Without this modification to the PFML, our members and union benefit funds will be put into the impossible predicament of choosing whether to comply with state or federal law.

We thank you for the opportunity to comment on this important language and for your hard work and consideration of our comments. Please feel free to contact any member of our coalition if you have any questions regarding our comments and suggestions.

Sincerely,

Frank X. Callahan, Jr., President
Massachusetts Building Trades Council

Robert Petrucelli, President and CEO
Associated General Contractors - Massachusetts

Thomas J. Gunning, Executive Director
Building Trades Employers' Association

John Pourbaix, Executive Director
Construction Industries of Massachusetts

Jeremy Ryan, Executive Director
Greater Boston Plumbing Contractors Association

Kristen Gowin, Executive Manager
NECA Boston Chapter, Electrical Contractors Association

Stephen P. Affanato, Executive Vice President
New England Mechanical Contractors Association/New England Mechanical Service Contractors Association

Exh. B

   

  

January 12, 2020

Charles E. Baker, Governor
Commonwealth of Massachusetts
State House, Room 360
Boston, MA 02133

**RE: H.5250, An Act enabling Partnerships for Growth – Section 82**

Dear Governor Baker,

Thank you for your efforts during these most challenging times. Our coalition of the six major union construction industry employer groups and the Massachusetts Building Trades Unions appreciate the opportunity to provide comment in support of **H.5250, An Act enabling Partnerships for Growth.** In particular, please see below the language of **Section 82** which would greatly benefit our coalition.

> SECTION 82. Section 2 of said chapter 175M is hereby amended by striking out subsection (f), as appearing in the 2018 Official Edition, and inserting in place thereof the following subsection:-
>
> (f) The taking of family or medical leave shall not affect an employee's right to accrue vacation time, sick leave, bonuses, advancement, seniority, length-of-service credit or other employment benefits, plans or programs. During the duration of an employee's family or medical leave, the employer shall provide for, contribute to *or otherwise maintain* the employee's employment-related health insurance benefits, if any, at the level and under the conditions coverage would have been provided if the employee had continued working continuously for the duration of such leave

The language in red above is wording that we asked to be included as an amendment in both the House and Senate's Economic Development bill debate. We were thrilled that this language was included in the Senate's version and maintained in the final Conference Committee Report for the Economic Development bill. We are grateful to the Legislature for their support.

Working together, we reached out to Raise Up Massachusetts to address a major issue facing Taft-Hartley Funds with this current language. While this language consists of only three words, it provides a major solution to a federal preemption challenge and ultimately allows thousands of Massachusetts union members in the construction industry to enjoy all the benefits provided by the Paid Family and Medical Leave law. Please allow us to take to the opportunity to describe the nature of the federal preemption issue and the fix the words "or otherwise maintain" can provide.

Our trade associations consist of employers' signatory with 11 of the 15 unions that make up the Massachusetts Building Trades Council. Together, we represent hundreds of contractors who employ thousands of union members. As employer and union representatives, we take part in the collective bargaining of wages, benefits, and working conditions that have made union construction a highly compensated career offering some of the best benefits available.

All of the collective bargaining agreements negotiated by the parties provide for contributions to health benefit, pension, annuity, and training funds that are jointly sponsored and administered by labor and management. Some collective bargaining agreements cover only Massachusetts, while some might also cover New Hampshire and Rhode Island, or all of New England. In the vast majority of trades, the collective bargaining agreements and the benefit fund trust documents provide that employers may only make contributions to the funds for hours worked. Therefore, these funds receive weekly or monthly remittances from all union employers who pay their contributions calculated by every hour worked by a union employee during that time. In addition, each trade maintains its own benefit funds which can be administered locally, regionally, or nationally. Every benefit fund is governed by a collective bargaining agreement and trust document which are only able to be changed through negotiations or by the trustees of the funds and must be applied equally across all areas. As a result, changing these documents to comply with a state law is often impractical as they could cover multiple state jurisdictions with differing requirements.

Multi-employer benefit funds are significantly more complex than the way benefits are offered by most other private employers. As a result, laws and regulations drafted to cover private industry often fail to take into account the unique nature of union benefit funds. The Paid Family Medical Leave Act (PMFLA) is no different and has a major impact on both the union employers and the benefit funds which are governed by federal law, specifically the Employee Retirement Income Security Act ERISA, 29 U.S.C. 1001 et seq.

We have reviewed the PFML and believe that without the modification that Section 82 provides, our employers and union benefit funds will be put into the position where they will be unable comply with the PFMLA while honoring their commitments made through collective bargaining that are governed under federal law through the National Labor Relations Act (NLRA) and ERISA. That is the federal preemption issue. Specifically, the law as currently written requires employers to "provide for or contribute to" an employee's health insurance benefits while the employee is on PFML leave. Federal law prohibits union employers from making contributions to a multiemployer health plan while the employee is on leave. Come January 1, 2021, without a change to the current law, Massachusetts employers signatory to federally-governed collective bargaining agreements have a choice: either to violate the NLRA and ERISA by providing for or contributing to the employee's health insurance benefits while on leave or to violate the Massachusetts PFML by not providing for or contributing to the employee's health insurance benefits while the employee is on leave.

The solution is this: by adding the words "or otherwise maintain," to section 2(f) of the PFMLA, the law will allow our multiemployer health plans, which are funded by contributions for each hour worked as part of the employee's compensation, to maintain health insurance benefits if an employee goes out on leave.

The unions and the contractor associations are in agreement – they will amend their health plans' Summary Plan Descriptions, their collective bargaining agreements and their trust documents to guarantee that all union members' health insurance benefits are maintained while the member is on leave. This 3-word fix to the state statute will allow union members to enjoy the benefits the PFML provides and will obviate the union employer's "Sophie's Choice" of whether to violate federal or state law beginning January 1, 2021.

As mentioned above, union employers are known to offer some of the best benefits available. We believe **Section 82 of H.5250, An Act enabling Partnerships for Growth,** allows this practice to continue and maintain the intent of the PFML. Without this modification to the PFML, our members and union benefit funds will be put into the impossible predicament of choosing whether to comply with state or federal law.

We thank you for the opportunity to comment on this important language and for your hard work and consideration of our comments. Please feel free to contact any member of our coalition if you have any questions regarding our comments and suggestions.

Sincerely,

Frank X. Callahan, Jr., President
Massachusetts Building Trades Council

Robert Petrucelli, President and CEO
Associated General Contractors - Massachusetts

Thomas J. Gunning, Executive Director
Building Trades Employers' Association

John Pourbaix, Executive Director
Construction Industries of Massachusetts

Jeremy Ryan, Executive Director
Greater Boston Plumbing Contractors Association

Kristen Gowin, Executive Manager
NECA Boston Chapter, Electrical Contractors Association

Stephen P. Affanato, Executive Vice President
New England Mechanical Contractors Association/New England Mechanical Service Contractors Association